UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RANDALL RICHARD LEVITAN,<br><br>Plaintiff,<br><br>v.<br><br>WARREN POLICE DEPARTMENT,<br><br>Defendant. | Case No. 22-cv-10162<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS AND TO DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**
**(ECF NOS. 26, 28)**

## I.     Introduction

Pro se prisoner Randall Richard Levitan brings this action under 42 U.S.C. § 1983 against Defendant Warren Police Department (WPD), alleging that several officers used excessive force against him in violation of the Eighth Amendment.  ECF No. 1.  The Honorable Matthew F. Leitman referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 12.  The WPD moves to dismiss for failure to state a claim, arguing that it cannot be sued in a § 1983 action.  ECF No. 26.  Levitan did not timely respond, but he later moved for leave to file an

amended complaint. ECF No. 28. For the reasons below, the Court **RECOMMENDS** that the WPD's motion be **GRANTED** and that Levitan's motion for leave to amend be **DENIED**.

## II.     Background

Levitan alleges in his complaint that, when he was arrested in February 2020, several Warren police officers slammed him to the ground and kicked snow in his face while he was handcuffed, violating his Eighth Amendment rights. ECF No. 1, PageID.3. He also says that while he was restrained on a stretcher, an officer "used two fingers to cut off [his] air supply until [he] passed out." *Id.* According to Levitan, he sustained a broken rib and developed pneumonia and kidney damage, and he wants to "be compensated for the mental and physical damages against [him]." *Id.* Levitan sued the WPD and said at the end of his complaint that he was awaiting evidence to name the officers. *Id.*, PageID.5.

In his proposed amended complaint, Levitan echoes the same facts as in his initial complaint but seeks to sue Warren police officers Jay Allor, Alex Kosceilski, Zachery Lemond, Everett Richardson, and Jonathan Tassis. ECF No. 29, PageID.86-87, 92-94. Levitan also adds that the officers left him on the ground in a tee shirt, which inflamed his Bells Palsy condition and caused him to suffer permanent vision loss, have speech and

motor function difficulties, and require a wheelchair. *Id.*, PageID.92. Along with back pain, migraines, and vertigo, he alleges that he suffered nerve damage from being lifted and dragged in handcuffs. *Id.*, PageID.93-94. He seeks compensatory and punitive damages. *Id.*, PageID.94-95.

### III. Analysis

### A.

The WPD argues that Levitan's claims against it must be dismissed because it is not a legal entity subject to a § 1983 action. ECF No. 26, PageID.76. The Court agrees.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must

show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).

Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Despite the liberal reading here, the WPD's motion to dismiss should be granted.

Under Michigan law, police departments are subsumed within their municipal entity and are not properly included as separate defendants in civil rights suits. *Boykins v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007). And Levitan seemingly concedes that the police department is not a

proper party; he omits the department as a party in his proposed amended complaint. ECF No. 29.

Even if the Court construed Levitan's claims against the police department as claims against the city of Warren itself, a local government is not responsible just because injuries were caused by its employees or agents. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom inflicts the injury that the government as an entity is responsible under § 1983." *Id.* (cleaned up). Thus, Levitan "must specify a policy or custom from which his injuries flowed." *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013). But his complaint suggests no custom or policy of Warren that may have violated Levitan's constitutional rights. Thus, Levitan fails to state a claim against the WPD, and it should be dismissed.

### C.

The Court turns to Levitan's proposed amended complaint. The October 2022 scheduling order set a deadline to amend the pleadings by December 27, 2022. ECF No. 21. Discovery closed in April 2023, and the dispositive motions cutoff was the next month. *Id*. In June 2023, after the WPD moved to dismiss, Levitan moved to amend his complaint. ECF No. 28; ECF No. 29.

The Court may modify the schedule to allow Levitan to amend his pleadings only for good cause. Fed. R. Civ. P. 16(b)(4). Thus, Levitan's motion for leave should be granted only if he could not meet the deadline for amending his pleadings despite his diligence. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020) (finding that district court should not have granted plaintiffs leave to file amended complaint well after deadline when plaintiffs failed to show diligence). The Court must also consider Federal Rule of Civil Procedure 6(b). *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240-42 (E.D. Ky. 2018). Under Rule 6(b), because Levitan moved to amend his complaint after the relevant deadline, he must show excusable neglect. *Id*. To assess whether Levitan's late motion to amend resulted from excusable neglect, the Court must weigh these equitable factors: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id*.

This "Circuit has cautioned that excusable neglect is a strict standard which is met only in extraordinary cases." *Argue v. Burnett*, No. 1:08-CV-186, 2010 WL 1417633, at *2 (W.D. Mich. Apr. 1, 2010) (cleaned up). The

6

reason for delay is the most critical factor, and mere error or inadvertence is usually insufficient. *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017).

Levitan fails to show that, with due diligence, he could not have timely amended his pleadings. Levitan did not seek to amend until June 2023—six months after the deadline for amending his pleadings, two months after the discovery deadline, and a month after the WPD moved to dismiss the complaint. ECF No. 28; ECF No. 29. Levitan tries to justify his delay by blaming "his ignorance of the complexities of civil litigation" and his late discovery that the police department "is merely the [officers'] place of employment." ECF No. 28, PageID.83. The Court cannot credit those excuses.

Levitan knew of the importance of the officer's identities from the outset of this suit and said that he would name them after he received discovery. ECF No. 1, PageID.5. But he waited until after the deadlines for amending his pleadings and discovery to move to amend his complaint. Levitan fails to show excusable neglect.

And the Court finds that Levitan squandered the period within which leave to amend his complaint should be freely granted. Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when

7

justice requires." But a motion to amend a complaint should be denied if, among other reasons, the amendment "results in undue delay." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up). Thus, leave to amend is rarely granted after discovery has closed. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *3-4 (E.D. Tenn. Jan. 21, 2011). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

Levitan's motion to amend his complaint should therefore be denied.

## IV. Conclusion

The Court **RECOMMENDS** that the Warren Police Department's motion to dismiss (ECF No. 26) be **GRANTED** and that Levitan's motion for leave to amend (ECF No. 28) be **DENIED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: September 18, 2023

8

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2023.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager