UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL RICHARD LEVITAN,

    Plaintiff,

v.

WARREN POLICE DEPARTMENT,

    Defendant.

Case No. 22-cv-10162
Hon. Matthew F. Leitman

_____/

## ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 34) TO REPORT AND RECOMMENDATION (ECF No. 31), (2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 28), AND (3) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 26)

On January 6, 2022, Plaintiff Randall Richard Levitan filed his Complaint in this action against Defendant Warren Police Department (the "WPD"). (*See* Compl., ECF No. 1.) In the Complaint, Levitan alleges that several WPD officers used excessive for against him when they arrested him. (*See id.*) Levitan further noted in the Complaint that he did not then know the identities of the officers who used force against him, and he said that he was awaiting receipt of "reports" that would enable him to identify the officers. (*Id.*, PageID.5.)

On August 15, 2022, the Court referred all pre-trial proceedings in this action to the assigned Magistrate Judge. (*See* Order, ECF No. 12.) The WPD then filed an Answer and Affirmative Defenses. (*See* Answer, ECF No. 16; Affirmative Defenses,

1

ECF No. 17.) In the WPD's Affirmative Defenses, WPD contended, among other things, that Levitan's claim failed as a matter of law because he had not identified the officers who allegedly used force against him. (*See* Affirmative Defenses, ECF No, 17, PageID.41.)

On October 27, 2022, the Magistrate Judge entered a Scheduling Order. (*See* Order, ECF No. 21.) Two deadlines on that order are relevant here: the December 27, 2022, deadline to amend pleadings and the April 27, 2023, discovery cutoff. (*See id.*)

On November 28, 2022 – one month before the deadline to amend pleadings and several months before the discovery cutoff – the WPD filed its preliminary witness list. (*See* Preliminary Witness List, ECF No. 22.) In that list, the WPD specifically identified five officers – by name and badge number – as having information concerning Levitan's physical and/or mental state at the time of the events giving rise to his claim. (*See id.*, PageID.52.) Those officers were: Jay Allor, Alex Kosceilski, Zachery Lemond, Everett Richardson, and Jonathan Tassis. (*See id.*)

On May 11, 2023 – after the close of discovery – the WPD filed a motion to dismiss Levitan's Complaint. (*See* WPD Mot., ECF No. 26.) In that motion, the WPD argued, among other things, that Levitan failed to state a viable claim because the WPD is not a legal entity capable of being sued. (*See id.*)

2

Levitan did not respond to the WPD's motion. Instead, on June 12, 2023, he filed a motion for leave to file an Amended Complaint. (*See* Levitan Mot., ECF No. 28.) In the proposed Amended Complaint, Levitan for the first time identified the officers who allegedly used force against him. (*See* Proposed Amended Compl, ECF No. 29. PageID.85.) Notably, the officers that he named for the first time in June of 2023 were the very same officers that the WPD had identified in December of 2022: Allor, Kosceilski, Lemond, Richardson, and Tassis. (*See id*.) In the motion, Levitan did not suggest that he had previously lacked the ability to discover the officers' names. Instead, he said that he had only recently learned that he needed to identify the officers as Defendants. (*See id.*, PageID.83.) However, as explained above, ten months earlier, the WDP put Levitan on notice that it would be contesting his claims on the basis that he needed to name the individual officers as Defendants. (*See* Affirmative Defenses, ECF No. 17, PageID.41.) The WPD opposed Levitan's request for permission to file an Amended Complaint. (*See* WPD Resp., ECF No. 30.)

On September 18, 2023, the assigned Magistrate Judge issued a Report and Recommendation addressing both the WPD's motion to dismiss Levitan's Complaint and Levitan's motion for leave to file an Amended Complaint (the "R&R"). (*See* R&R, ECF No. 31.) The Magistrate Judge first recommended granting the WPD's motion to dismiss on the basis that the WPD is not a legal entity

capable of being sued. (*See id.*, PageID.143.)  The Magistrate Judge added that even if Levitan's Complaint could be construed as asserting a claim against the City of Warren, rather than against the WPD, Levitan's claim would still fail because he failed to allege that the City had a custom or policy of using or tolerating excessive force. (*See id.*, PageID.144.)  The Magistrate Judge then recommended that the Court deny Levitan's motion for leave to file an Amended Complaint. (*See id.*, PageID.144-47.)  She noted that the motion was filed long after the deadline for amending pleadings, and she concluded that Levitan had failed to show sufficient cause for the delay in seeking to amend. (*See id.*)

Levitan has now filed objections to the R&R. (*See* Objections, ECF No. 34.) Levitan does not object to the Magistrate Judge's recommendation that the Court should dismiss the original Complaint.[1] (*See id.*)  Rather, he objects only to the recommendation that the Court should deny the motion for leave to file an Amended Complaint naming the officers as Defendants. (*See id.*)  He presents seven numbered objections, but they all make essentially the same point: he was not able to learn the identities of the officers who used force against him before he sought leave to amend

---

[1] The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985).  Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

because (1) he did not know how to subpoena information that would have revealed their identities and (2) the circumstances of his incarceration prevented him from taking the steps necessary to learn their identities. (*See id*.) Thus, he contends, he did not unduly delay in seeking leave to amend. (*See id*.)

The Court **OVERRULES** Levitan's objections for two reasons. First, Levitan did not present to the Magistrate Judge the contentions presented in his objections. As noted above, in his motion for leave to file an Amended Complaint, Levitan said that his delay in identifying the officers was due to his lack of knowledge of the law concerning what he had to plead; he did not say anything about how the circumstances of his confinement and/or his lack of knowledge concerning discovery procedures prevented him from identifying the officers in his pleadings. The Court declines to discard the Magistrate Judge's recommendation based upon arguments that Levitan did not present to the Magistrate Judge in his motion. *See*, *e.g.*, See *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that "[c]ourts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"); *Swain v. Com'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (explaining that an argument

5

"raised for the first time in objections to a magistrate judge's report is deemed waived").

Second, the Court agrees with the Magistrate Judge that Levitan has failed to show sufficient cause for his substantial delay in seeking leave to amend. Critically, before the deadline to amend pleadings expired, Levitan (1) was on notice that the WPD would contest his claims based on his failure to name the individual officers as Defendants and (2) had information that would have enabled him to do so. As noted above, in the WPD's Affirmative Defenses – filed more than three months before the deadline to amend pleadings – the WPD told Levitan that his claim failed because he did not identify the officers who used force against him. And as further noted above, in the WPD's preliminary witness list – filed one month before the deadline to amend pleadings – the WPD identified the officers who had information concerning his condition at the time of his arrest. Yet, Levitan waited more than five months to seek permission to name those very same officers as Defendants.

Moreover, Levitan does not explain how he was able to identify those officers in his proposed Amended Complaint in June of 2023 when he supposedly could not do so before the deadline to amend pleadings in December of 2022. For instance, Levitan does not say that he obtained information in June of 2023 that was unavailable to him in December of 2022. Under these circumstances, the most reasonable inference is that Levitan was able to identify the officers in June of 2023

6

by simply reviewing the information that the WPD had provided in its preliminary witness list back in November of 2022. And had he done so, he could have timely moved to amend his pleadings.

For all of these reasons, the Court concurs in the Magistrate Judge's determination that Levitan failed to justify his failure to comply with the deadline in the Scheduling Order for amending pleadings. The Court further concurs that Levitan has failed to justify his substantial delay in seeking leave to amend. That delay prejudiced the WPD because Levitan did not seek permission to amend his Complaint until after discovery had closed. While leave to amend is to be freely granted under Rule 15(a) of the Federal Rules of Civil Procedure, the Magistrate Judge correctly concluded that leave to amend should not be granted here.

Accordingly, **IT IS HEREBY ORDERED** as follows:

- Levitan's Objections to the R&R (ECF No. 34) are **OVERRULED**;
- The WPD's motion to dismiss (ECF No. 26) is **GRANTED**; and
- Levitan's motion for leave to file an Amended Complaint (ECF No. 28) is **DENIED**.

Levitan's Complaint is therefore **DISMISSED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 5, 2023

   I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2023, by electronic means and/or ordinary mail.

               s/Holly A. Ryan
               Case Manager
               (313) 234-5126